IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RYAN AKINS,<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>FAIR ACQUISITIONS, LLC, *et al.*<br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 1:20-cv-00816-RDA-MSN<br>)<br>)<br>)<br>) |

**MR. AKINS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, RYAN AKINS ("Mr. Akins"), by counsel, pursuant to Rule 12(a)(4)(A) of the

Federal Rules of Civil Procedure and Local Rule 7(F)(1), hereby opposes the Motion to Dismiss

filed by Defendants, XCL TITLING TRUST ("Defendant XCL") and FAIR ACQUISITIONS,

LLC ("Defendant FA")(collectively, "Defendants"), on August 10, 2020, and states as follows:

Facts

This case arises from Defendants' misrepresentations and unlawful repossession of a

vehicle they leased to Mr. Akins. *See* Compl. Pursuant to the lease, Mr. Akins was entitled to

immediate possession and the option to purchase the vehicle for a specified value. Id. at ¶ 6.

After Mr. Akins made several payments, Defendant agreed that the next payment would not be

due until June 7, 2018. Id. at ¶¶ 8 – 9. Defendants represented to Mr. Akins that Defendants

would not take any negative action, such a repossession, before that agreed date. Id. at ¶ 12.

When Mr. Akins specifically addressed his concern about the vehicle being repossessed,

Defendants again represented that no repossession would happen before June 7, 2018. Id. at ¶ 13.

Mr. Akins made a payment in reliance upon that representation, but sure enough, Defendants

repossessed Mr. Akins' vehicle, without notice, and over his objection. Id. at ¶ 17, 19. Mr. Akins

lost a business relationship and incurred expense. Id. at ¶ 20.

Procedural Posture

After informal attempts to be made whole proved unsuccessful, Mr. Akins filed the underlying Complaint, setting forth causes of action for (i) breach of lease; (ii) failure to exercise contractual discretion in good faith; (iii) conversion; as well as violations of (iv) the Maryland Consumer Protection Act ("MCPA claim"); (v) a Maryland Consumer Motor Vehicle Leasing Contract ("MCMVL claim"); and (VI) the Maryland Uniform Commercial Code ("MUCC claim"). Id. In response, Defendants removed this case and filed their Motion to Dismiss, arguing primarily that Defendants' agreement not to repossess the vehicle before June 7 was not an agreement or even a representation. See Not. of Rem. (Dkt. No. 1); Defs' Mot. to Dis. (Dkt. No. 11); Def.'s MIS (Dkt. No. 12). Defendants also argue that affirmative defenses entitle them to immediate dismissal, the common law does not create liability for their bad faith or conversion, and that the cited code provisions do not prohibit Defendants' actions. See Def.'s MIS.

Defendants' Motion to Dismiss should be denied because Mr. Akins pled sufficient facts to support his claims and the factual determinations Defendants urge this Court to make are improper on a Rule 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must simply contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id.; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 2 of 14**

reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

In making its determination on a Rule 12(b)(6) motion to dismiss, the Court is required to accept all allegations as true, consider them in a light most favorable to the plaintiff, and resolve uncertainties in favor of the non-moving party. <u>Ibarra v. United States</u>, 120 F.3d 472, 474 (4th Cir. 1997)(when ruling on a motion to dismiss, the court accepts "the well-pled allegations of the complaint as true" and "construe[s] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."); <u>Fayetteville Investors v. Commercial Builders, Inc</u>., 936 F. 2d 1462, 1465 (4th Cir. 1991)(in considering motion to dismiss "the complaint is to be liberally construed in favor of plaintiff.").

As set forth herein, Mr. Akins' Complaint not only meets, but exceeds the standard set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007), as Mr. Akins alleged sufficient facts, accepted as true, from which the Court can reasonably infer the Defendants' liability.

Argument

### I.    MR. AKINS ADEQUATELY PLED HIS CONTRACT CLAIM

As Defendants acknowledge, a plaintiff in a contract action is simply required to allege "(1) the existence of a contractual obligation […] and (2) a material breach of that obligation […]." <u>Def.'s MIS</u> at p. 8 (*citing RRR Northewast, LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010)). Mr. Akins satisfied these requirements by pleading that Defendants were required to allow him until June 7, 2018 to make his next payment, that he made a payment thereafter, but Defendants nonetheless repossessed his vehicle on June 6, 2018. <u>Compl</u>. at ¶¶ 9 – 13, 17, 19.

Contrary to what Defendants may suggest, Maryland law does not require Mr. Akins to "demonstrate that he performed all of his own material obligations" or "prove his own

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 3 of 14**

performance" at the Complaint stage. *See* Taylor v. NationsBank, N.A., 365 Md. 166, 175 (2001); *Continental Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 481 (1977).[1]

In fact, the federal and state rules both require pleadings to be "simple, concise, and direct," and contain only the *necessary* facts to show the pleader's entitlement to relief. Fed. Rules Civ. Proc. R. 8(a)(2); Md. Rule 2-303(b)("[A pleading] shall not include argument, unnecessary recitals of law, evidence, or documents, or any immaterial, impertinent, or scandalous matter."); *see also* Va. Sup. Ct. Rule 1:4(d); *see also* Moore v. Jefferson Hosp., 208 Va. 438 (1967). Indeed, brevity is enjoined by courts as the outstanding characteristic of good pleading. Id. "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. Rules Civ. Proc. R. 9 (c); Md. Rule 2-304(b).

To the extent the law requires such express allegations, Mr. Akins sufficiently alleged that he performed his obligations under the contract at issue. Id.; Compl. at ¶¶ 8, 19. Mr. Akins pled that Defendants had a legally enforceable obligation to him, that Mr. Akins made payment in reliance on May 25, 2018 and that Defendants violated their obligation by prematurely repossessing the vehicle before the agreed date. Compl. at ¶¶ 8 – 13. 17, 19.

Defendants' assertions that Defendant have valid affirmative defenses under the doctrines of first breach and statute of frauds, are not properly addressed on a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(a Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses"). As such, Defendants' Motion should be denied.

---

[1] To the extent this Court finds that Virginia law applies, Virginia law also does not require a plaintiff to specifically plead that they have fulfilled every single minute obligation of a contract in order to satisfy Virginia's notice pleading standard at the Complaint stage. *Ramos v. Wells Fargo Bank*, 289 Va. 321 (2015); *Filak v. George*, 267 Va. 612, 619 (2004); *Brown v. Harms*, 251 Va. 301 (1996).

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 4 of 14**

II.    **MR. AKINS ADEQUATELY PLED BREACH OF IMPLIED COVENANT OF GOOD FAITH & PROMISSORY ESTOPPEL.**

a.  **Mr. Akins Pled His Implied Covenant Claim In The Alternative.**

As Defendants also acknowledge, every contract contains an implied covenant or duty of good faith and fair dealing, which "simply prohibits one party to a contract from acting in a manner as to prevent the other party from performing his obligations under the contract," which duty "concerns the 'performance and enforcement' of the contract itself" Def.'s MISO at p. 8 (citing Parker v. Columbia Bank, 91 Md. App. 346, 366 (1992); Blondell v. Littlepage, 413 Md. 96, 113 (2010)). Here, Mr. Akins alleged that Defendants, in the performance and enforcement of the Lease and/or Payment Agreement, prohibited Mr. Akers from performing his obligations by inducing Mr. Akins clear reliance, making positive representations about the due date for his payment and the Defendants' agreement not to repossess the vehicle, and then turning around and repossessing the vehicle before that date. Compl. at ¶¶ 8 – 9; 12 – 13.

While it may be true that an independent cause of action is not available for breach of this implied covenant, the duty is part of an action for breach of contract and Mr. Akins is permitted to state his claims in the alternative. Id. (citing Howard Oaks, Inc. v. Maryland Nat'l Bank, 810 F. Supp. 674, 677 (D. Md. 1993); Fed. Rules Civ. Proc. R. 8; Md. Rule 2-303(c). Indeed, under Rule 8, "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. Rules Civ. Proc. R. 8(d)(2). Further, "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient" and "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. Rules Civ. Proc. R. 8; Va. Sup. Ct. Rule 1:4(k).

This is exactly what Mr. Akins has done in his Complaint, alleging facts indicating his

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 5 of 14**

entitlement to relief because Defendants either (a) breached their agreement not to repossess the vehicle before June 7, 2020 (Count I); and/or (b) breached their implied covenant not to act in a manner as to prevent Mr. Akins from performing his obligations under the Lease and/or Payment Agreement (Count II). Compl. at ¶¶ 24 – 33. Mr. Akins adequately set forth a claim for breach of implied covenant of good faith and fair dealing and Defendants' Motion should be denied.

### b.  The Complaint Includes Sufficient Allegations to Support Liability for Promissory Estoppel.

Defendants' argument as to why Mr. Akins claim cannot survive under the principles of promissory estoppel ignores the clear allegation in the Complaint that Mr. Akins arranged payment of $763.76 to Defendants on May 25, 2018, in reliance upon Defendants' representations concerning their agreement not to repossess the vehicle. Compl. at ¶¶ 17 – 18. In other words, Defendants' assertion that Mr. Akins did not take any action in reliance upon the Defendants' clear and definite promise is simply not true, or at the very least, disputed. Id.

While the parties may disagree as to whether Mr. Akins acted in reasonable actual reliance, a Motion to Dismiss under Rule 12(b)(6) is not the proper mechanism to obtain a determination as to the merits of disputed facts. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(A Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").

At this stage, Mr. Akins is simply required to plead facts which, if taken as true and viewed in a light most favorable to him, allow the Court to draw the reasonable inference that the Defendant are liable for the misconduct alleged. Id.; Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997); Fayetteville Investors v. Commercial Builders, Inc., 936 F. 2d 1462, 1465 (4th Cir. 1991). This is exactly what Mr. Akins has done. While the issue of first breach may very

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 6 of 14**

well be the subject of a Rule 56 Motion for Summary Judgment after the parties have a chance to conduct discovery on that issue, Defendants factual arguments are premature and not appropriately considered on a Rule 12(b)(6) motion. Id.

### III.   MR. AKINS ADEQUATELY PLED HIS CONVERSION CLAIM.

In order to state a claim for conversion, common law requires a plaintiff to allege that he had legitimate rights to direct and immediate possession of property and that the defendant willfully denied plaintiff's rights, by exercising dominion and control over the property. Allied Investment Corp. v. Jasen, 354 Md. 547, 560 (1999). Here, it is clearly alleged that Mr. Akins had an immediate right to possess the vehicle, and that Defendants denied that right by repossessing the vehicle prematurely, without authorization or notice. Compl. at ¶¶ 34 – 37.

While it is true that conversion requires the aggrieved party to have had rights to the converted property, Defendants' argument is fundamentally flawed because it ignores a lessee's right to immediately possess leased property. *See, e.g*., Wallander v. Barnes, 341 Md. 553 (1996); Lease-A-Car, Inc. v. Thomassen Lincoln Mercury, Inc., 36 Md. App. 437 (1977). Further, the Maryland Code provisions Defendants cite to support their contention that repossession was lawful ignores statutory requirements that self-help is only authorized by statute when it is done without breaching the peace. Md. Code §§ 9-609(b); 14-2008(a)(2). Mr. Akins specifically alleged that Defendants breached the peace. Compl. at ¶¶ 50, 62, 73, 77.

However, the Court is not tasked with resolving these factual dispute surrounding right to possession of the vehicle. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, factual determinations as to whether or not Mr. Akins was entitled to immediate possession, and actually had the right to possess the vehicle under the context and circumstances created by the extrinsic facts alleged by Defendant, are both immaterial at this stage. Id. (Rule 12(b)(6) motion "does not

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 7 of 14**

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Again, Defendants' motion is brought under Rule 12(b)(6), which requires this Court to look at the four corners of the Complaint, and accepts all allegations as true. Id. Defendants' own extrinsic allegations – that Mr. Akins breached the lease, entitling Defendants to the right of immediate repossession – assumes facts not alleged in the Complaint. *See* Compl. Indeed, nowhere in the Complaint is it alleged that any payment was missed. Id. As such, Defendants motion should be denied with respect to Mr. Akins' claim for conversion.

## IV.   MR. AKINS ADEQUATELY PLED HIS MCPA CLAIM.

To the extent Mr. Akins was required to plead his consumer protection claim with particularity[2] he did so, as he identified the circumstances supporting that Defendants made misrepresentations that he relied upon to his detriment. Compl. at ¶¶ 9 – 20. Mr. Akins identified the time, place and contents of the false representations and the identity of the person making them. Id. To the extent that the Court desires, Mr. Akins requests leave to attach the transcript of the recorded telephone conversation in which Defendants made these misrepresentations.

In attacking the action-ability of these misrepresentations, Defendants inappropriately misquote[3] Mr. Akins' allegation, that Defendants represented that because of Mr. Akins' promise to pay "he *would* be fine" (emphasis added). Def.'s MIS at p. 12; Compl. at ¶ 13.

Further, Defendants' argument ignores the surrounding allegations that "Defendants represented to Mr. Akins that Defendants would not take any negative action, such as

---

[2] To the extent this Court determines that the consumer protection claims should be decided under Virginia law, courts have held that the misrepresentations providing the basis of a Virginia Consumer Protection Act claim need not be pled with the same kind of particularity as common-law fraud claims. *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F. Supp. 2d 535, 2001 U.S. Dist. LEXIS 5374 (E.D. Va. 2001), aff'd, 319 F.3d 119 (4th Cir. 2003).

[3] Defendants cite to Mr. Akins Complaint in characterizing his claim as relying upon an apparent representation that "he should be fine". Def.'s MIS at p. 12. The allegation was that Defendants represented that because of Mr. Akins' promise to pay "he would be fine." Compl. at ¶ 13.

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 8 of 14**

repossession, so long as Mr. Akins made his next payment by June 7, 2018," and that Defendants acknowledged his concern about repossession and affirmatively stated "yeah, but there is no repossession activity going on for [Mr. Akins'] account." Id. at ¶ 12.

All three of these allegations – each on their own – are sufficient to support Mr. Akins' MCPA claim. Luskin's, Inc. v. Consumer Protection Div., 353 Md. 335, 359 (1999)("a material misrepresentation […] involves information that is important to consumers and, hence likely to affect their choice […] [c]onsumers thus are likely to suffer injury from a material misrepresentation."). Further, when these allegations are taken together, viewed in the context in which they were made, instead of "viewed in a vacuum," this Court can certainly infer the materiality of Defendants' misrepresentations. Sager v. Hous. Comm'n, 855 F. Supp. 2d 524, 558 (D. Md. Apr. 11, 2012)(quoting McGraw v. Loyola Ford, Inc., 124 Md. App. 560, 580, *cert denied*, 353 Md. 473 (1999).

With respect to damages, Mr. Akins has undeniably pled that Defendants' premature repossession caused him damages. Compl. at ¶¶ 17; 19 – 20; 23. But for Defendants' false assurances, Mr. Akins could have avoided humiliation and expense by earlier payment. Id. As such, Defendants motion should be denied with respect to the MCPA claim.

## V.   MR. AKINS ADEQUATELY PLED HIS MCMVL CLAIM.

Mr. Akins sufficiently alleged his MCMVL claim, alleging facts reflecting (1) the application of Maryland Code §§ 14-2001, *et seq*.; (2) that Defendants committed several acts prohibited by statute; and (3) that Mr. Akins was damaged as a result. Compl. at ¶¶ 54 – 66.

While Defendants cite dicta from one 20-year-old Maryland case to argue that the statute only regulates representations made at the time of the origination of the lease, the language of the quoted dicta itself acknowledges that the statute "otherwise regulates the contract between the

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 9 of 14**

lessee and lessor […] [and] also protects lessees from unscrupulous marketing practices". Def.'s MIS at p. 15; Murphy v. 24th St. Cadillac Corp., 353 Md. 480 (1999). Contrary to what Defendants assert, the cited case does not reference the term "origination" once, and plain language of the statute itself does not make such a limitation. Murphy v. 24th St. Cadillac Corp., 353 Md. 480 (1999); Md. Code § 14-2003(a). Defendants' argument that Maryland Code § 14-2003(b) cannot provide relief for want of consideration also directly contradicts the statute's plain language, which explicitly regulates a lessor's actions "in offering to allow a lessee to cure a default by entering into a new lease for the same motor vehicle […]". Md. Code § 14-2003(b)(1). Quite simply, the statute regulates the exact exchange between Mr. Akins and Defendants, whether or not new consideration were required under common law. Id.

Even if the statute's regulation of offers to cure default did not displace common law, Maryland courts have acknowledged a "distinction between a promise founded on a 'past consideration' and one founded partly on a past consideration and partly on an executory consideration," holding that "while the former imposes no legal obligation, the latter may be enforceable." People's Banking Co. v. Fidelity & Deposit Co., 165 Md. 657, 677-78 (1934) (adopting holding of Linz v. Schuck, 106 Md. 220 (1907) in finding contractor's agreement to perform prior obligations to be sufficient consideration, where contractor agreed to build a house, but was about to abandon his contract due to unforeseen difficulties).

Even assuming, *arguendo*, that the Maryland Code does not regulate new leases offered to cure defaults (it does), and further that the common law did not recognize the enforceability of a promise founded partly on past consideration and on executory consideration (it does), Defendants argument still fails because it ignores Mr. Akins' allegation that he made an advance payment on May 25, 2018. Compl. at ¶ 22. Mr. Akins' payment on May 25, 2018 provides

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 10 of 14**

consideration for the Payment Agreement, representing a modification of the existing lease, or a new lease providing the basis for Defendants' alternative liability under Maryland statute.[4] Id.; Md. Code § 14-2003. As a result, Defendants' Motion should be denied.

**VI.    MR. AKINS PLED SUFFICIENT FACTS INDICATING DEFENDANTS' MUCC LIABILITY.**

Mr. Akins pled sufficient facts to state his MUCC claim, by alleging that facts reflecting (1) the application of Maryland Code Sections  2A-101, *et seq.*; 9-101, *et seq.*; 12-601, *et seq.*; (2) Defendants committed acts prohibited by the cited provisions of the MUCC; and (3) that Mr. Akins was damaged as a result. Compl. at ¶¶ 8 – 9, 12 – 13, 17, 19, 20, 67 – 80.

Defendants argument regarding the applicability of MUCC § 12-264, ignores the allegations of the Complaint and the plain language of the statute. Md. Comm. Law Code § 12-601(m)(1)(defining "installment sale agreement" as "a contract or the retail sale of consumer goods, negotiated or entered into in this State, under which: (i) Part or all of the price is payable in one or more payments after the making of the contract; and (ii) The seller takes collateral security or keeps a security interest in the goods sold.").

While the overarching issue in this case may involve deciding whether Mr. Akins was in default at the time of repossession or any other time, the allegations in the Complaint are that Mr. Akins was not in default and Defendants repossessed his vehicle anyhow. Compl. at ¶¶ 8 – 9, 12 – 13, 17, 19, 20, 67 – 80. MUCC § 12-264 specifically provides that, unless goods are seized by police, goods may only be repossessed by self-help (1) when the buyer is in default; (2) Defendants act without use of force; and (3) provide statutory notice to Mr. Akins. Md. Code § 12-624(a)-(b), (d). Even if MUCC § 12-264 did not apply (which it does), MUCC titles

---

[4] To the extent this new lease required Mr. Akins to pay additional expenses and/or permitted Defendants to repossess the vehicle unilaterally, it would inherently be less favorable to Mr. Akins. *See* Md. Code § 14-2003.

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 11 of 14**

governing both Leases and Secured Transactions codified by §§ 2A-101, *et seq.*, and 9-101, *et. seq.*, also required Defendants to employ self-help only under similar conditions, where it would not breach the peace. Md. Code §§ 2A-525(3), 9-609(b).

Beyond the underlying issues tied to Defendants' actions in breaching the peace, without authorization and notice, Mr. Akins' is still entitled to relief under the MUCC because he sufficiently alleged Defendants' (1) failure to deliver the vehicle in conformity to the lease or repudiation; and (2) unconscionable conduct in either inducing the Payment Agreement or collection of a claim arising out of the lease. Compl. at ¶¶ 77 – 78; Md. Code §§ 2A-108; 2A-508. Defendants' failure to address these bases for liability, serves as yet another reason this Court should deny Defendants' Motion.

## Conclusion

For the reasons set forth herein and at oral argument for the hearing for this matter, Mr. Akins requests this Court deny Defendants' Motion. Mr. Akins plead facts indicating that Defendants violated statutory and contractual obligations, and lied to Mr. Akins to trick him into additional payment. Mr. Akins plead sufficient facts indicating Defendants knew he was relying on their assurances, but nonetheless repossessed his vehicle prematurely, without authorization or notice, and in breach of the peace. Mr. Akins is entitled to relief for the damages he incurred under the principles of contract law and the applicable consumer protection statutes. Mr. Akins plead facts sufficient to allow this Court to draw the reasonable inference that Defendants are liable for the misconduct alleged, in accordance with the standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

As such, this Court should deny Defendants' Motion to Dismiss and order their response.

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 12 of 14**

WHEREFORE, Plaintiff, RYAN AKINS, requests that this Court:

1.      Deny the Motion to Dismiss filed by Defendants, XCL TITLING TRUST and FAIR ACQUISITIONS, LLC, ordering Defendants to file a response within seven (7) days;

2.      Alternatively, grant Plaintiff, RYAN AKINS, leave to amend his Complaint, to the extent Defendants' Motion to Dismiss is granted in whole or in part; and

3.      Provide such other and further relief the Court deems necessary.

**Plaintiff, RYAN AKINS, demands a trial by jury on all issues so triable, pursuant to Rule 38 and Rule 81(c) of the Federal Rules of Civil Procedure and Local Rule 38.**

Dated: August 24, 2020                                                RYAN AKINS,
                                                                      By Counsel.

SUROVELL ISAACS & LEVY PLC

By:     /s/ *Tyler J. Blaser*
        Tyler J. Blaser, Esquire, VSB # 90566
        Stephen P. Pierce, Esquire, VSB #84999
        4010 University Drive, Suite 200
        Fairfax, Virginia 22030
        Telephone 703.277.9708
        Facsimile 703.591.9285
        Email TBlaser@SurovellFirm.com
        *Counsel for Mr. Akins*

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 13 of 14**

Certificate of Service

I hereby certify that on the 24th day of August, 2020, I electronically filed with the Clerk of the Court using the CM/ECF system, faxed and emailed the foregoing document to:

Myra A. Benjamin, Esq.
Megan E. Burns, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004
Facsimile 202.274.2994
Email Myra.Benjamin@Troutman.com
*Counsel for Defendants XCL Titling Trust & Fair Acquisitions, LLC*

Adam A. Vukovic
SEVERSON & WERSON, A Professional Corporation
One Embaracadero Center, Suite 2600
San Francisco, CA 94111
Facsimile 415.398.3344
Email aav@severson.com
*Counsel for Defendants XCL Titling Trust & Fair Acquisitions, LLC*

*/s/ Tyler J. Blaser*
Tyler J. Blaser, Esquire, VSB # 90566
SUROVELL ISAACS & LEVY PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Telephone 703.277.9708
Facsimile 703.591.9285
Email TBlaser@SurovellFirm.com
*Counsel for Mr. Akins*

*Akins v. Fair Acquisition, LLC, et al.*
**Case No. CL 2020 - 1:20-cv-00816-RDA-MSN**
**Mr. Akins' Response to Defendants' Motion to Dismiss**
**Page 14 of 14**